IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Danny Williams, | : | |
| Plaintiff, | : | Case No.  2:05-cv-1022 |
| v. | : | Judge Marbley |
| Warden Pat Hurley, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

# Report and Recommendation

Plaintiff Danny Williams, an inmate at Ross County Correctional Institute (RCI), brings this prisoner civil rights action under 42 U.S.C. § 1983.  This matter is before the Magistrate Judge on Defendants' March 23, 2006 Motion to Dismiss (doc. 12) and Defendants' August 2, 2006 Motion to Dismiss Amended Complaint (doc. 27).  For the reasons discussed below, the Magistrate Judge RECOMMENDS that Defendants Pat Hurley, Terry Harris, Carol Upchurch, James Coulter, and Brenda Jewell be DISMISSED from this action because Plaintiff has not exhausted his administrative remedies as to his claims against each of them.

**I. Facts**

Plaintiff Danny Williams is an inmate at RCI.  His amended complaint alleges that Dr. Coulter knew, as a result of an x-ray in 2002, that Williams had a large mass which was eventually diagnosed in 2004 as lung cancer.  Williams claims that were his cancer treated in a timely fashion, it could have been surgically removed, and he would have been cured.  Williams contends that since this treatment would have cost RCI and DRC "almost a million dollars," that

1

Coulter, Jewell, Harris, Upchurch, and Hurley deliberately chose to ignore his condition until 2004 rather than treat it when they learned of it in 2002.

## II. Arguments of the Parties

### A. Defendant's Argument

Defendant argues that William's amended complaint must be dismissed because he has failed to allege that Hurley, Harris, Upchurch, or Jewell directly acted to deprive him of his civil rights, because he has failed to state an Eighth Amendment claim upon which relief may be granted, and because he has failed to exhaust his administrative remedies.

#### 1. Vicarious Liability

Defendants maintain that plaintiff's claims against Defendants Hurley, Harris, Upchurch, and Jewell must be dismissed because liability under §1983 cannot be imposed on the basis of *respondeat superior* or because Defendants enjoy broad supervisory powers and responsibilities. Defendants further argue that any liability under §1983 must be based on "direct participation in the alleged deprivation of constitutional rights." Defendants argue that Williams' amended complaint fails to allege any direct involvement on the part of Hurley, Harris, Upchurch, and Jewell, and only actually alleges that Coulter directly deprived him of his civil rights.

#### 2. Eighth Amendment Claim

Defendants argue that they should be granted dismissal because Williams is unable to state a claim upon which relief can be granted as he fails to show that they acted with deliberate indifference in such a manner as to deprive him of necessary medical care. Defendants allege that the pleadings confirm that Williams was treated, given medication, and educated about his medical condition, and this shows their response to his condition to be anything but deliberately

2

indifferent.

Defendants further argue that mere medical malpractice does not rise to the level of deliberate indifference for the purposes of the Eighth Amendment. In order to recover, Defendants claim that Williams must show that any failure to diagnose his condition in a timely fashion was done in an intentional, and not in a negligent, fashion. Defendants contend that Williams has not alleged such facts, and, therefore, his claims should be dismissed.

### 3. Exhaustion of Administrative Remedies

Defendants argue that plaintiff's complaint must be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Defendants rely on a Sixth Circuit decision which held that total exhaustion is required under the PLRA. *See Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). The total exhaustion rule requires the complete dismissal of a prisoner's complaint when he alleges both exhausted claims and nonexhausted claims. *Id*. at 805.

Next, Defendants rely on a Sixth Circuit holding that requires prisoners to exhaust all administrative remedies with respect to each individual he brings a complaint against. *See Curry v. Scott,* 249 R.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). According to Defendants, Williams has failed to exhaust his administrative remedies as to his grievance against any Defendant, and, therefore, argue his case should be dismissed.

Defendants also argue that under *Brown v. Toomb*, 139 F.3d 1102, 1004 (6th Cir. 1998), a prisoner is required to provide documentation proving that he has exhausted his administrative remedies in order to survive a motion to dismiss. Defendants contend that though Williams has

provided some documentation, he has still not provided enough to show that he has completely exhausted his administrative remedies.

### B. Plaintiff's Response

Plaintiff maintains that he fully exhausted his administrative remedies. He further asserts that he had attempted to file all documents that supported his claim of exhaustion by handing it to an employee of CRC. He claims that it was only upon written notice from the Clerk of Courts that he realized the documents had not been filed. He alleges that he again attempted to send a record of grievances, but that the CRC official to whom he handed the documents to did not file them.

Plaintiff states that the United States Supreme Court has held that once a prisoner hands a document to the prison guard it is deemed filed. *Houston v. Lock*, 108 S.Ct. 2379 (1988). Therefore, he argues that he should not be required to provide documentation of how he exhausted his administrative remedies because, through no fault of his own and after he had already "filed" the documents with the guards, he is no longer able to provide such documentation.

Next, Plaintiff lays out more specific facts of the allegedly deliberately indifferent medical treatment he received. He claims that on May 19, 2006, at CMC, he was given the wrong chemotherapy medication, which caused him to faint. Further, the fainting caused him to fall and badly injure his lip and also made him suffer memory loss for a period of two days. Next, Williams claims that an unnamed CMC nurse on June 1, 2006 let the chemotherapy medication drip onto his arm which burned him so severely that on June 22, 2006 he was unable to receive the chemotherapy treatment in his right arm.

**III. Motion to Dismiss**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Rule 12(b)(6), a court will apply the principle that a" complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the

motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F.Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125. Rule 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Rule 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).

It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing

6

that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

## IV. Analysis

### A. Direct Involvement

A plaintiff may not successfully bring a claim against an official pursuant to 42 U.S.C. §1983 on a theory of vicarious liability. *See Hays v. Jefferson County, Ky*, 668 F.2d 869, 874 (6th Cir. 1982)([a]t a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.")

Williams alleges that the named Defendants knew of his cancer for two years before he ever received treatment. He states that Dr. Coulter was aware of the cancer after reviewing an x-ray in 2002, and that the others Defendants knew because Dr. Coulter disseminated this information to them in the course of his duties. He further alleges that Defendants, upon learning the cost of necessary treatment, conspired to keep his condition hidden from him and to refuse to provide treatment for it. Thus, Williams asserts that the Defendants' deliberate failure to treat his serious medical condition constitutes deliberate indifference. In a motion to dismiss, all of Plaintiff's well-pleaded allegations must be taken as true. Thus, taking his allegations as true, Williams's claims against Defendants are not based on vicarious liability, but on Defendant's direct action, authorization, or acquiescence in the deliberate failure to provide him with adequate medical care.

### B. Eighth Amendment

The Eighth Amendment prohibits the government from inflicting cruel and unusual punishment. *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Cruel and unusual punishment includes "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To demonstrate an Eighth Amendment violation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103-04 (1976). Deliberate indifference consist of two components. First, the violation must be sufficiently serious in objective terms in that the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and second, the defendant must have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106.

A prisoner does not state a claim merely by pleading that he disagrees with a medical diagnosis or treatment. *Estelle,* 429 U.S. at 107-08; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Further, a doctor's medical malpractice in performing treatment is insufficient to establish a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 107. Therefore, in order to assert a claim, more than just malpractice must be shown. *Id*.

In his sworn amended complaint, Williams alleges that the Defendants knew of his lung cancer as early as 2002, but refused to tell him of his condition or to provide him with cancer treatment until 2004. Lung cancer–especially untreated lung cancer– is an objectively, sufficiently serious medical condition. If as Williams alleges, Defendants were deliberately causing it to go untreated, then they would have drawn the inference that a substantial risk of serious harm existed. Thus, Williams has pled facts sufficient to state a claim of deliberate indifference under the Eight Amendment.

Further, Williams is not claiming mere medical malpractice. Rather Williams is contending that the Defendants were deliberately depriving him of his civil rights in violation of §1983. Taken as true, these allegations are sufficient to state a claim upon which relief can be granted.

### C. Exhaustion of Administrative Remedies

Section 1997e(a) provides that "no action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." Ohio inmates have grievance procedures available under the Ohio Administrative Code §5120-9-31. A complaint may not be filed in federal court until the prisoner has filed a grievance under Ohio Admin. Code §5120-9-31, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights with respect to the grievance. *Wright v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Further, prisoners must "allege and show" that they have exhausted all administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner "should attach to his §1983 complaint the administrative disposition of his complaint." *Id*.

Ohio provides for a three-step inmate grievance procedure by which inmate grievances are investigated. First, an inmate must contact an appropriate institutional department or staff member to resolve the dispute informally. Ohio Admin. Code §5120-9-31(J)(1). The inmate may then file a formal complaint with the inspector of institutional services. Ohio Admin. Code §5120-9-31(J)(2). An inmate may appeal the resolution of his grievance to the Chief Inspector, who must decide the appeal within thirty calendar days. Ohio Admin. Code §5120-9-31(J)(3).

Prisoners must do more than file an initial grievance to exhaust remedies under

9

§1997e(a). The exhaustion requirement means that *all* administrative remedies must be exhausted. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If the grievance is denied initially, the prisoner must, within the time frame required by the administrative regulations, proceed on to the next step of the prison grievance procedure. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). An Ohio prisoner using the grievance remedies available under O.A.C. §5120-9-31 must, within fourteen calendar days of the disposition of his grievance, appeal to the Chief Inspector. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); O.A.C. §5120-9-31(J)(3). If he fails to do so, the prisoner has not exhausted his prison administrative remedies as required by §1997e(a). *Freeman*, 196 F.3d at 645.

In order for a prisoner to successfully bring a complaint against several individuals, he must use the prison grievance procedure to exhaust his administrative remedies as to each named person. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(stating there is a requirement that "a prisoner file a grievance against the person he ultimately seeks to sue.)

Plaintiff submitted the following documentation to support his assertion that he has exhausted all of his administrative remedies:

- A September 19, 2004 Informal complaint of deliberately indifferent medical treatment by the medical staff and specifically Defendant Jewell occurring on September 19, 2004. However, he goes on to state that he never actually received any treatment at all. He states when he experienced difficulty in breathing, two unnamed guards were rude to him and instead of walking him to the infirmary, stripped him of his clothes, searched him, and put him in isolation.
- On this same form as above is an answer stating that the complaint was against

10

the officers, and not the medical staff, and so it was referred to the correct department.

- An October 24, 2004 Notification of Grievance complaining of unspecified deliberately indifferent medical treatment from Defendant Jewell, two other unnamed nurses, an unnamed officer, and two unnamed C.O.'s. He explains that these unnamed persons had turned around their badges and this is why he was unable to provide names. He also complained about not receiving the results of a foot x-ray and a cat scan.
- A November 15, 2004 Disposition of Grievance stated that Williams was contacted on October 27, 2004 about the cat scan and that medical staff discussed the results with him, educated him on his condition, and met with him again on November 1, 2004 to educate him on his condition and give him pain medication. It further stated that on November 8, 2004 the results of the foot x-ray were discussed with Williams and that he was issued an order for special shoes.
- On the same form as above, Williams wrote that he had a collapsed lung and cancer but that IHS didn't tell him. He also writes that Defendant Coulter knew as far back as 2002 about these conditions but did not tell him or get him treatment. In his amended complaint, Williams claims that he used this form as an appeals form because a prison official refused to give him the correct form.
- A November 24, 2004 Disposition of Grievance, presumably in reference to Williams's comments on the November 15 form, states that his complaints are substantially similar to those already resolved and thus no additional action is

>     required.
> 
> •     A March 18, 2005 Notification of Grievance complaining of indifferent medical treatment, and explaining that he filed an appeal on the wrong form.

Defendants maintain that plaintiff has failed to prove exhaustion for each claim against every defendant.

Although Williams argues that he has exhausted his prison administrative remedies for all claims and all defendants, a careful review of the attached documentation demonstrates that he has not. None of the grievances submitted to the Court name Defendants Upchurch, Harris or Hurley.  Although Jewell's name is mentioned in the informal complaint and the formal complaint, the informal complaint does not contain a grievance about *her* conduct but only describes a grievance against two unnamed guards.  Further, Williams's appeal on the November 15, 2004 Disposition of Grievance form as a proper appeal does not mention Jewell.  Coulter is named in William's appeal on the November 15, 2004 Disposition of Grievance form, but not named in either the informal or formal grievance. Williams claims that he did, at one time, attempt to file the appropriate documentation with the court, and it was either lost or intentionally not filed by a CRC employee.  However, Williams has not provided any description of which documents he had allegedly filed with the CRC employee except to say that they constituted "every document legally required to file a 42 U.S.C. 1983 claim." This is simply not enough to show that Williams exhausted his administrative remedies.  Consequently, Williams has not exhausted his prison administrative remedies as to these Defendants.

**V. Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendants' March 23, 2006 Motion to Dismiss (doc. 12) and Defendants' August 2, 2006 Motion to Dismiss Amended Complaint (doc. 27) be GRANTED and that this action be DISMISSED for plaintiff's failure to exhaust his administrative remedies.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge

13